IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PATRICIA KRAFT**<br>*Plaintiff*<br><br>v.<br><br>**TEXAS A&M UNIVERSITY, TEXAS A&M UNIVERSITY SYSTEMS and PETER DAVID BATY**<br>*Defendants* | Civil Action No. 4:20-cv-04015 |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST PETER DAVID BATY**

To the Honorable _____ Erskine:

Pursuant to FED. R. CIV. P. 55(B)(2), Plaintiff respectfully moves for entry of default judgment against Defendant PETER DAVID BATY ("Baty"). In support of said Motion, Plaintiff shows the following:

**A. PROCEDURAL HISTORY**

1. Complaint in this matter was filed on November 24, 2020.

2. On December 3, 2021, after several extensions due to multiple unsuccessful attempts to serve Defendant Baty and extensions by this Court and

Plaintiff's Motion for Alternative Service was granted, Defendant Peter David Baty was served with process in this matter. Doc. 52, Doc. 54 and Doc. 55

3.   Defendant Peter David Baty failed to file an answer or other response in this matter and more than twenty (20) days have passed since service. Doc. 73

### B. FACTS

4.   From May, 2017 to August, 2019, Patricia Kraft was an employee of TAMU in the Transportation Services Department working at least three days a week. *Ex. A*

5.   Peter David Baty ("Baty") was a supervisor for the Transportation Services Department of TAMU. *Ex. A* Baty was the initial direct supervisor of Plaintiff and he had ongoing training and a supervisory position over Plaintiff. *Ex. A* Baty's office was located with other supervisors. *Ex. A, p.*

6.   Baty frequently made sexually suggestive unwelcome remarks and innuendo to Plaintiff and other female staff, however, he did not make said remarks or innuendo to men in the department. *Ex. A*  Baty's improper actions, aside from sexual comments, included overtly staring at Plaintiff's breasts, looking down her shirt and staring at her buttocks. *Ex. A*  Baty's improper actions caused Plaintiff discomfort and unreasonably interfered with her work due to the intimidating and offensive nature of the office environment. *Ex. A*

11.     On or about May 8, 2019, a video camera was located in the sole women's restroom in the Texas A&M Transportation Services Department building. Ex A  The camera was located underneath a counter in the women's bathroom, facing toward the toilet.  Ex. B The discovery of the camera occurred after an employee of TAMU conducted a review of video recordings for another issue involving misappropriation of keys.  Ex. B   During the review of the video, Baty was observed on a camera to enter the women's bathroom during the morning hours on at least one occasion.  Ex. B  The camera used by Baty was later discovered by a physical inspection of the women's restroom. Ex. B

12.     Within a few days, it was determined that Baty had placed the camera in the women's bathroom at an angle to record women using the restroom and in various states of undress.  Ex. B and Ex. C Baty only videotaped the women's restroom and the recordings were clearly of a sexual nature, as the camera was directed toward the toilet to capture women as they disrobed and used the toilet.  Ex. B  Patricia Kraft while at work, she used it every day that she worked in the TAMU facility and she appeared on the video tapes, however, it is unknown how many times she was recorded.  Ex. A

13.     Baty was suspended and later resigned from TAMU. Ex. B and C

14.     For at least a year prior to May 8, 2019, Baty, on a regular basis, placed a camera in the women's restroom under the counter. Ex. A  Baty made a large number of recordings, ultimately, based on information and belief, Baty was found in possession of approximately fifteen thousand (15,000) ten minute videos from the bathroom

(approximately fifty-seven (57) gigabytes of memory on a computer used by Baty) and another two (2) gigabytes of photographs (between 400 and 2,000 images) were also located on the computer. Ex. C Based on the number of videos and time of each, the videos amount to a staggering approximate recording time of 25,000 hours. At least eighty (80) women, including Plaintiff, have been identified as being on the video recordings. Ex. A The camera, memory card and computer are in the possession of Texas A&M University Police Department and, aside from a single "still photograph" from a video of Plaintiff, have not been made available to Plaintiff. Ex A

    15.    Plaintiff suffered damages as a result of the video recordings. Ex. A She suffered shock and humiliation and violation that Defendant had taken and preserved video images of her in the bathroom, while using the bathroom and undressed. Further, since the day she became aware of Peter Baty's camera, she was uncomfortable using restrooms outside her residence and had nightmares and trouble sleeping. Ex. A She underwent counseling and psychiatric treatment as a result of this incident. Ex. A She suffered extreme stress, emotional distress, anxiety, fear of public restrooms, fear of restrooms generally, anxiety while in restrooms, insomnia, anger and constant anxiety and concern that one or more of the photographs or videos is on the Internet. Ex. A The recordings negatively affected her daily life. Each and every injury suffered by Plaintiff was directly and proximately caused by Defendant Peter Baty.

## C. INVASION OF PRIVACY

16. Plaintiff's first cause of action for Invasion of Privacy is supported by the following. The State of Texas recognizes three separate types of invasion of privacy, of which, "intrusion upon seclusion or solitude or into one's private affairs" is one. *M.B. v. Landgraf* (E.D. Tex. 2020)

17. For a cause of action for invasion of privacy to be established, a Plaintiff must show the following:

> "The elements of a cause of action for invasion of privacy by intrusion on seclusion or private affairs are (1) the defendant intentionally intruded on the plaintiff's solitude, seclusions, or private affairs, and (2) the intrusion would be highly offensive to a reasonable person." *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

18. Further, Texas recognizes that there are certain areas where one has a right to the expectation of seclusion or privacy. For example, a bedroom is one location in which a person has a right to the expectation of privacy.

> "When a person goes into the privacy of the bedroom, he or she has a right to the expectation of privacy in his or her seclusion." *Clayton v. Richards*, 47 S.W.3d 149, 155 (Tex. App.—Texarkana 2001, pet. denied). Moreover, the installation of a video camera in a person's bedroom without their knowledge is not only an invasion of privacy, but it is also highly offensive to the ordinary reasonable person. See id. at 155-56 (holding that, as a matter of law, the installation of a video camera in a bedroom without the plaintiff's knowledge was an invasion of privacy);…"
> *M.B. v. Landgraf* (E.D. Tex. 2020)

In the case at bar, Plaintiff regularly entered a bathroom with a locking door. Ex 1 Plaintiff unequivocally had the expectation and right of solitude, seclusion and privacy in such a location. Plaintiff had no knowledge of and did not consent to Defendant recording her activities once, much less on a daily basis. The evidence is overwhelming that Plaintiff satisfied the first element as Defendant intentionally intruded in her solitude, seclusion and privacy by use of the concealed video recording device.

19. The second element is likewise satisfied. Unconsentual, secret intrusion into the bathroom Plaintiff was using was highly offensive to her and any other reasonable person. Ex. A In fact, the State of Texas specifically made such an act illegal. Further, no rational argument could find otherwise.

> "The right of privacy also includes rights to bodily integrity and sexual privacy. A person's fundamental interest in bodily integrity and sexual privacy have been recognized as liberty interests that are protected from unwarranted state interference by the Due Process Clause. *See Lawrence v. Texas*, 539 U.S. 558, 564-67, 572, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). **_Those interests are invaded by a private actor who creates unconsented visual images of a person in a place such as a changing room or a bathroom where people are vulnerable, expose their bodies, and engage in highly private activities with the reasonable expectation they are not being photographed or recorded_**. A person's bodily integrity and sexual privacy is also violated when someone inside their home usurps the person's right to choose whether photographs may be taken of their intimate areas. *See Clayton v. Richards*, 47 S.W.3d 149, 155-56 (Tex. App.—Texarkana 2001, pet. denied) (holding unconsented video recording of a person in the privacy of his bedroom, even when done by the other spouse, could be found to be highly offensive to reasonable person and thus a tortious invasion of privacy). These types of "video voyeurism" "violate people's sexual privacy by denying their autonomy. It effectively takes dominion over their bodies, intimate activities, and sexual interactions without

permission. It hijacks their ability to decide who has access to their body, bedroom, or bathroom. It undermines people's sense that they control their intimate lives." *Danielle Keats Citron, Sexual Privacy , 128 YALE L.J. 1870, 1909 (2019).* Likewise, "up-skirt" and "down-blouse" photographs violate sexual privacy by "undermin[ing] the victim's decision to shield her genitalia and breasts from the public—consent and sexual autonomy are no longer in victims' control." *Id. at 1914.*"
*Ex parte Metzger*, 610 S.W.3d 86, 103-104 (Tex. App. 2020), **emphasis added**

20. Both elements of Invasion of Privacy are overwhelmingly satisfied by the evidence offered by Plaintiff and the damages set forth below, caused proximately and directly by Defendant's actions should be awarded to Plaintiff. Ex A

### D. NEGLIGENCE *PER SE*

21. Plaintiff additionally has asserted a cause of action for negligence per se as to Defendant. Plaintiff must prove (1) she belongs to the class that the statute was intended to protect and the injury that occurred is the type of injury the statute was meant to prevent, (2) it is appropriate to impose tort liability for violations of the statute, and (3) the violation of the statute was the actual and proximate cause of her injuries. *See Brighthouse Life Ins. Co. v. Daboub*, 577 F.Supp.3d 504 (N.D. Tex. 2021)

22. In the case at bar, the State of Texas enacted a penal statute designed to protect individuals from unlawful video recording. Section 21.15 of the Texas Penal Code specifically addresses and outlaws Defendant's actions toward Plaintiff.

Sec. 21.15.  INVASIVE VISUAL RECORDING.  (a)  In this section:

(1)  "Female breast" means any portion of the female breast below the top of the areola.

(2)  "**Intimate area" means the naked or clothed genitals, pubic area, anus, buttocks, or female breast of a person**.

(3)  "Changing room" means a room or portioned area provided for or primarily used for the changing of clothing and includes dressing rooms, locker rooms, and swimwear changing areas.

(4)  "Promote" has the meaning assigned by Section 43.21.

(b)  A person commits an offense if, without the other person's consent and with intent to invade the privacy of the other person, the person:

(1)  photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of an intimate area of another person if the other person has a reasonable expectation that the intimate area is not subject to public view;

(2)  **photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another in a bathroom or changing room**; or

(3)  knowing the character and content of the photograph, recording, broadcast, or transmission, promotes a photograph, recording, broadcast, or transmission described by Subdivision (1) or (2).

(c)  **An offense under this section is a state jail felony.**

(d)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section or the other law.

(e)  For purposes of Subsection (b)(2), a sign or signs posted indicating that the person is being photographed or that a visual image of the person is being recorded, broadcast, or transmitted is not sufficient to establish the person's consent under that subdivision.

> Texas Penal Code. Added by Acts 2001, 77th Leg., ch. 458, Sec. 1, eff. Sept. 1, 2001.  Amended by Acts 2003, 78th Leg., ch. 500, Sec. 1, eff. Sept. 1, 2003.  **<u>Emphasis added</u>**

Section 21.15 specifically prohibits videotape of another in a bathroom, which is exactly what Defendant did in this matter.  Further, the statute clearly is designed to protect against anyone videotaping another in the bathroom and the injuries one would suffer from such an action, which include the injuries set forth by Plaintiff in Exhibit A.  As such, the first element of Negligence *per se* is satisfied.

23. The second element is likewise satisfied, in that, Defendant's actions are clearly tortious and cause damage to others.

24. The third element is likewise proven, in that, the actions of Defendant specifically violated the statute and, further, directly and proximately cause Plainitff's injuries as set forth in Exhibit A.  The actions of Defendant are one and the same.  Further, Defendant has been indicted in Brazos County, Texas for violation of this statute.

25. As such, negligence *per se* has also been proven and the damages set forth herein were directly and proximately cause by Defendant and the Court should award damages in the amount asserted by Plaintiff. Ex. A

### E. DAMAGES

26. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages for pain and mental anguish in the amount of $1,200,000.00. Ex. A

**WHEREFORE,** for the reasons set forth herein, Plaintiff respectfully moves, prays and requests that judgment be entered against Defendant Baty for the amount set forth above and for all other relief, in law and equity, to which Plaintiff may be entitled.

Respectfully Submitted, this the 1st day of August, 2023,

                                           **ROBERT G. TAYLOR, II, P.C.**

                                           */s/ Robert G. Taylor, III (Trey)*
                                           Robert G. Taylor, III (Trey)
                                           Attorney in charge

                                           Attorneys for Plaintiff

Federal ID No. 18950
State Bar No. 19721100
2040 North Loop West, Suite 104
Houston, Texas 77018
ttaylor@rgtaylorlaw.com
Telephone: 713-654-7799
Cellular:    281-507-0303
Facsimile:  713-654-7814

## CERTIFICATE OF SERVICE

      I hereby certify that this document was served on all attorneys of record and/or unrepresented parties in accordance with Rule 5 and Local Rule 5.5 as indicated below on August 1, 2023.

**Ken Paxton Attorney General for the State of Texas**
**Kimberly Gdula**
**Deputy Chief Attorney General**
**Texas Bar No. 24052209**
**Southern District Federal ID No. 1092074**
**P.O. Box 12548, Capitol Station**
**Austin, Texas 78711-2548**
**(512) 463-2120 | FAX: (512) 320-0667**
Kimberly.gdula@oag.texas.gov

                                              */s/ Robert G. Taylor, III*
                                              Robert G. Taylor, III (Trey)