United States District Court
Southern District of Texas
**ENTERED**
June 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA KRAFT, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:20-cv-04015 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TEXAS A&M | § | |
| UNIVERSITY, *et al*, | § | |
| Defendants. | § | |

### ORDER ENTERING DEFAULT JUDGMENT

The motion by Plaintiff Patricia Kraft for entry of default judgment is granted. Dkt 80.

Defendant Peter David Baty has defaulted. That's already been decided, with entry of default having been made against him. See Dkts 75 & 76. Remaining is the question of the propriety of entering default judgment.

Three inquiries pertain to that consideration. The first is whether the entry of default judgment is procedurally warranted. The next is whether the substantive merits of the plaintiff's claims as stated in the pleadings provide a sufficient basis for default judgment. The last is whether the plaintiff should receive relief and, if so, what kind and amount. For example, see *Nasufi v King Cable, Inc*, 2017 WL 6497762, *1–2 (ND Tex); *United States v 1998 Freightliner*, 548 F Supp 2d 381, 384 (WD Tex 2008); *Joe Hand Promotions, Inc v Casison*, 2019 WL 3037074, *2 (SD Tex).

    1. Procedurally appropriate

The following factors are pertinent to decision whether default judgment is procedurally appropriate:

- Whether material issues of fact are in dispute;

- o Whether there has been substantial prejudice to the plaintiff;
- o Whether the grounds for default are clearly established;
- o Whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;
- o Whether default judgment is inappropriately harsh under the circumstances; and
- o Whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey v Prive Corp,* 161 F3d 886, 893 (5th Cir 1998), citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (West 3d ed 1998).

*First,* Kraft's well-pleaded allegations against Baty are assumed to be true. See *Nishimatsu Construction Co v Houston National Bank*, 515 F2d 1200, 1206 (5th Cir 1975). Neither has Baty defended this action, and so no material facts appear to be in dispute. See *Innovative Sports Management, Inc v Martinez*, 2017 WL 6508184, *3 (SD Tex).

*Second,* Kraft has naturally experienced substantial prejudice. After multiple attempts, she finally served Baty in December 2021. Dkt 54. The Court ordered summary judgment as to the other Defendants in the case in July 2023, leaving Baty as the only remaining defendant. Dkt 73. Baty didn't respond and likewise hasn't defended this action, effectively halting the adversarial process. See *China International Marine Containers, Ltd v Jiangxi Oxygen Plant Co*, 2017 WL 6403886, *3 (SD Tex); *Insurance Co of the West v H&G Contractors, Inc*, 2011 WL 4738197, *3 (SD Tex).

*Third,* the Clerk properly entered default against Baty pursuant to Rule 55(a) because he didn't answer or otherwise defend this action. Dkt 76. Default judgment is likewise proper because he still hasn't answered or otherwise defended. See *United States v Padron*, 2017 WL

2

2060308, *3 (SD Tex); *WB Music Corp v Big Daddy's Entertainment, Inc*, 2005 WL 2662553, *2 (WD Tex).

*Fourth,* nothing suggests that the default by Baty has been the product of good-faith mistake or excusable neglect. See *Insurance Co of the West*, 2011 WL 4738197 at *3; *Innovative Sports Management*, 2017 WL 6508184 at *3; *Lindsey*, 161 F3d at 893.

*Fifth,* nothing suggests that it would be too harsh to enter default judgment against Baty, who has not taken any steps to respond to this suit. See *Joe Hand Promotions, Inc v 2 Tacos Bar & Grill, LLC*, 2017 WL 373478, *2 (ND Tex), citing *Lindsey*, 161 F3d at 893; *Insurance Co of the West*, 2011 WL 4738197 at *3. Indeed, Baty has had well more than two years to respond to Kraft's complaint, further mitigating any perception of harshness from entry of default judgment. See *Insurance Co of the West*, 2011 WL 4738197 at *3, citing *Lindsey*, 161 F3d at 893.

*Sixth,* nothing suggests that a default judgment would be set aside were Baty to later challenge it. See *Insurance Co of the West*, 2011 WL 4738197 at *3.

Entry of default judgment pursuant to Rule 55(b) is procedurally appropriate.

### 2. Sufficient basis

Even though Baty is deemed to have admitted the allegations in the complaint because of his default, there still must be "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F2d at 1206. This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." Ibid.

As such, the inquiry is whether the complaint satisfies Rule 8 of the Federal Rules of Civil Procedure. See *Wooten v McDonald Transit Associates, Inc*, 788 F3d 490, 497–98 (5th Cir 2015). Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court holds that this "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

3

defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). The familiar standard under Rule 12(b)(6) is that a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. And a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556.

Kraft asserts under a theory of negligence that the actions of Baty constituted negligence *per se* because he violated §21.15 of the Texas Penal Code. Kraft must establish in this regard that (i) the defendant's act or omission violated a statute or ordinance; (ii) the injured person was within the class of persons the statute or ordinance was designed to protect; and (iii) the defendant's act or omission proximately caused the person's injury. *Absher v Zimmer*, 2012 WL 6029857, *1 (Tex App—San Antonio, no pet); see *Perry v SN*, 973 SW2d 301, 307 (Tex 1998).

*First,* the complaint alleges that Baty violated §21.15 of the Texas Penal Code, which in pertinent part makes it an offense to photograph or record a visual image "of an intimate area of another person if the other person has a reasonable expectation that the intimate area is not subject to public view," or record "a visual image of another in a bathroom or changing room," without their consent and with intent to invade privacy. Kraft states that Baty owed her a legal duty, which included not recording her "without consent in the women's restroom." Dkt 32 at ¶59.

*Second,* the complaint alleges that Kraft was within the class of persons the statute was designed to protect. Id at ¶60. And §21.15 of the Texas Penal Code specifically names "bathrooms" and "changing rooms" as locations covered by the statute. It also states that Kraft used the bathroom regularly and that images/recordings of her using the bathroom were found on Baty's device. Id at ¶¶27 & 30.

4

*Third,* the complaint alleges that Baty's acts amounted to an invasion of Kraft's privacy and are the proximate cause of her injuries. Id at ¶¶59 & 60.

The merits of the claims as pleaded in the complaint provide a sufficient basis for entry of default judgment.

### 3. Appropriate remedies

Kraft seeks $1,200,000.00, along with interest. Dkt 80 at ¶27.

*As to damages*, Rule 55(b)(2) provides for hearing for an accounting or to determine the amount of damages. Damages ordinarily may not be awarded upon default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp v Freeman*, 605 F2d 854, 857 (5th Cir 1979). But the court needn't undertake a formal evidentiary hearing where the requested damages can be determined with certainty from the pleadings and supporting documents and a hearing would reveal no pertinent information. *James v Frame*, 6 F3d 307, 310–11 (5th Cir 1993).

"Because an exact evaluation of mental anguish is impossible, there must be some discretion given in finding mental anguish damages that would fairly and reasonably compensate the plaintiff for her loss." *Fiske v Fiske*, 2004 WL 1847368, *3 (Tex App—Houston [1st Dist], no pet). Texas courts have held that, in the default judgment context, mental anguish damages are appropriate where the plaintiff shows a "high degree" of mental anguish or disruption of her daily routine, and where the plaintiff shows that the damages are reasonable for the anguish suffered. *Lefton v Griffith*, 136 SW3d 271, 279 (Tex App—San Antonio 2004, no pet), citing *Saenz v Fidelity & Guaranty Insurance Underwriters*, 925 SW2d 607, 614 (Tex 1996). "Although mere worry, anxiety, embarrassment, or anger by itself would not be enough to support an award of mental anguish," Texas courts have upheld awards for mental anguish where "there is evidence that Defendants' conduct caused a high degree of mental pain and distress

5

in that it affected the Plaintiffs' ability to sleep" and "substantially disrupted their daily routine," among other harms. *Reyelts v Cross*, 968 F Supp 2d 835, 847 (ND Tex 2013), aff'd, 566 F Appx 316 (5th Cir 2014).

Kraft states that she has suffered shock and humiliation as a result of Baty's actions. Dkt 80-2 at ¶9. She also states that she's been uncomfortable using restrooms outside of her home, has nightmares and trouble sleeping, and has suffered anxiety, anger, and insomnia that require psychiatric treatment. Ibid. Kraft also avers that since she has learned that the photographs were preserved by Baty, she's been "concerned and frightened that Peter Baty preserved images of [her] in other locations or placed them on the Internet." Ibid. In total, Kraft has testified that she was uncomfortable remaining at TAMU transportation department and has quit her job, avoids using bathrooms outside her home (which changes her daily life), has trouble sleeping, and is in constant fear that the photos of her in various states of undress are circulating on the internet. Ibid. She links these instances of mental anguish to the discovery of Baty's camera in the bathroom, and she states that the suffering is ongoing. Ibid. This is a sufficient showing under the authority cited above.

*As to interest*, federal law provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 USC §1961(a). District courts lack discretion to deny such interest on monetary judgments. *Joy Pipe USA, LP v ISMT Ltd*, 703 F Appx 253, 259 (5th Cir 2017), citing *Meaux Surface Protection, Inc v Fogleman*, 607 F3d 161, 173 (5th Cir 2010).

Kraft seeks an award of pre- and post-judgment interest, as is her right. Dkt 32 at ¶61. It will be awarded at the applicable federal rate from the date of judgment until the judgment is paid in full.

4. Conclusion

The motion by Plaintiff Patricia Kraft for entry of default judgment against Defendant Peter David Baty is GRANTED. Dkt 80.

Defendant Peter David Baty is ORDERED to pay Plaintiff Patricia Kraft $1,200,000.00.

This judgment is subject to pre- and post-judgment interest pursuant to 28 USC §1961 at the applicable federal rate from the date of judgment until paid in full.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on  June 13, 2024 , at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge